JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE MARKE AT SOUTH COAST METRO, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>ANTHONY LEE and DOES 1 TO 5,<br><br>    Defendants. | Case No. SACV16-02107-AG (KES)<br><br>ORDER REMANDING CASE TO STATE COURT |

**I.**

**BACKGROUND**

On October 13, 2016, Plaintiff filed an unlawful detainer action against Defendants in the Orange County Superior Court. (Dkt. 1 at 10-12 [state court complaint].) On November 23, 2016, Defendant Anthony Lee filed a Notice of Removal of that action in this Court. (Dkt. 1.) He also filed a request to proceed in forma pauperis. (Dkt. 3.) The Court sua sponte REMANDS this action to the California Superior Court for the County of Orange for lack of subject matter jurisdiction, as set forth below.

**II.**

**DISCUSSION**

"The right of removal is entirely a creature of statute and 'a suit commenced

in a state court must remain there until cause is shown for its transfer under some act of Congress.'" Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32 (2002) (quoting Great Northern R. Co. v. Alexander, 246 U.S. 276, 280 (1918)). Where Congress has acted to create a right of removal, those statutes are strictly construed against removal jurisdiction. Id.; Nevada v. Bank of Am. Corp., 672 F.3d 661, 667 (9th Cir. 2012); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Unless otherwise expressly provided by Congress, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013). The removing defendant bears the burden of establishing federal jurisdiction. Abrego v. Dow Chemical Co., 443 F.3d 676, 682 (9th Cir. 2006); Gaus, 980 F.2d at 566-67. "Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Protection, 537 U.S. at 33. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and . . . the district court must remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). It is "elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).

**A.** **Federal Question Jurisdiction.**

The underlying action is an unlawful detainer proceeding, arising under and governed by the laws of the State of California. The state court complaint (Dkt. 1 at 10-12) does not include any claim "arising under the Constitution, laws, or treaties

of the United States." 28 U.S.C. § 1331. Plaintiff attempts to invoke federal question jurisdiction on the basis of the federal Protecting Tenants at Foreclosure Act of 2009, which Plaintiff raises as a defense. (Dkt. 1 at ¶¶ 5-6.) Federal defenses or federal counterclaims do not provide a basis to remove an action which does not otherwise establish federal jurisdiction. "[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, L.L.C. v. Dept. of Health and Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000). An "affirmative defense based on federal law" does not "render[] an action brought in state court removable." Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994). A "case may not be removed to federal court on the basis of a federal defense … even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 14 (1983). "Further, federal district courts have held that a defense based on the Protecting Tenants at Foreclosure Act cannot serve as a basis for removal jurisdiction." Aurora Loan Servs., LLC v. Montoya, 2011 5508926, *4 (E.D. Cal. Nov. 9, 2011) (collecting cases). There is no basis for federal question jurisdiction.

**B.  Diversity Jurisdiction.**

There is also no basis for diversity jurisdiction. Every defendant is not alleged to be diverse from every plaintiff. 28 U.S.C. § 1332(a). The state court complaint does not allege damages in excess of $75,000, and Defendant Lee has not shown, by a preponderance of the evidence, that the amount in controversy requirement has been met. Id.; Abrego, 443 F.3d at 683. It is apparent from the state court records that the underlying unlawful detainer action is a limited civil action that does not exceed $10,000. (Dkt. 1 at 10.) Additionally, the action is not removable on diversity grounds because Defendant Lee appears to be a citizen of California, where the action was filed. 28 U.S.C. § 1441(b)(2) (stating that removal is not allowed if "any of the parties in interest properly joined and served as defendants is a citizen of the State in

which such action is brought").

C. **Jurisdiction under 28 U.S.C. § 1443.**

Section 1443(1) permits a defendant in state cases to remove the proceedings to the federal district courts when a defendant is "denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens in the United States." In order to successfully remove, the defendant must satisfy a two-prong test: (1) the rights allegedly denied must arise under a federal law providing for specific civil rights stated in terms of racial equality; and (2) the defendant must be denied or unable to enforce the rights in state courts. Johnson v. Mississippi, 421 U.S. 213, 219 (1975); City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 827-28 (1966); Georgia v. Rachel, 384 U.S. 780, 792 (1966). Under the first prong, constitutional or statutory provisions of general applicability or under statues not protecting against racial discrimination will not suffice. Johnson, 421 U.S. at 219. Under the second prong, a defendant's federal rights are left to the state courts except in rare situations where it can be clearly predicted that those rights will inevitably be denied by the very act of bringing the defendant to trial in state court. Peacock, 384 U.S. at 828.

Defendant Lee alleges that he "is a member of a protected class for whom the statute, the [federal] 'Protecting Tenants at Foreclosure Act [PTFA]' was created," and he characterizes the statute as "Civil Rights legislation[.]" (Dkt. 1 at 5-6 ¶ 12(a), (d).) The Court notes that "federal district courts have held that the [PTFA] does not create a federal private right of action." Montoya, 2011 WL 5508926 at n.3 (collecting cases). Even assuming, for the sake of argument, that Defendant Lee could bring a claim under the PTFA, the PTFA is not a statute intended to protect against racial discrimination. The PTFA was passed as part of the Troubled Assets Relief Program, in an effort to "restore 'liquidity and stability to the financial system of the United States.'" Montoya, 2011 WL 5508926 at n.3 (quoting 12 U.S.C. § 5201(1)). Consequently, removal is not proper under § 1443(1).

## III.
## CONCLUSION

This Court does not have subject matter jurisdiction over this case. IT IS THEREFORE ORDERED that this matter be REMANDED to the Superior Court of the State of California for the County of Orange.

DATED: December 01, 2016

_____
ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN E. SCOTT
United States Magistrate Judge